UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**THE TRADE GROUP, INC.,**

   Plaintiff,

v().                                                                No. 4:23-cv-00555-P

**BTC MEDIA, LLC, ET AL.,**

   Defendants.

## MEMORANDUM OPINION & ORDER

Before the Court are two Motions advanced by Plaintiff The Trade Group, Inc. ("TTG"): (1) a Motion to Enter Final Judgment (ECF No. 194); and (2) a Motion for Attorney Fees and Expenses (ECF No. 202). Having considered the Motions and applicable law, the Court hereby **GRANTS** both Motions.

## BACKGROUND

This case went to trial on August 26, 2024. On September 5, 2024, the jury returned a verdict in favor of TTG. On Claim 1, breach of contract, the jury awarded $4,429,536.25. On Claim 3, suit on sworn account, the jury also awarded $4,429,536.25. However, on Claim 3, but not on Claim 1, the jury found an offset in the amount of $186,493.68.

Two weeks later, on September 18, 2024, TTG filed a Motion for Final Judgment, asking the Court to enter judgment on Claim 1, breach of contract—not Claim 3, suit on sworn account. ECF No. 194. TTG also asked that the Court award TTG pre- and post-judgment interest on TTG's breach of contract claim. *Id.* On October 3, 2024, TTG also filed a Motion for Attorney Fees and Expenses. Both Motions have now been fully briefed.

## LEGAL STANDARD

Under the one-satisfaction rule, "a plaintiff cannot obtain more than one recovery for the same injury." *Joy Pipe, USA, L.P. v. ISMT Ltd.*, 703 F. App'x 253, 259 (5th Cir. 2017) (cleaned up) (citation omitted). Thus, "[w]hen a party tries a case on alternative theories of recovery[,]" the party can elect judgment on the claim "entitling him to the greatest or most favorable relief." *Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex. 1988).

State law governs pre-judgment interest in diversity cases. *Wood v. Armco, Inc.*, 814 F.2d 211, 213 n.2 (5th Cir. 1987). Courts may award pre-judgment interests based on an enabling statute or general principles of equity. *Asta Partners, LLC v. Palaniswamy*, No. 02-20-00371-CV, 2021 WL 5133888, at *13 (Tex. App.—Fort Worth Nov. 4, 2021, no pet.) (Bassel, J.). Unlike pre-judgment interest, federal law governs post-judgment interest for civil cases based on diversity of citizenship. *See Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1209 (5th Cir. 1993). And "district courts do not have the discretion to deny post-judgment interest on monetary judgments." *Paisano Capital SA de CV v. 23 Tex. Produce, Inc.*, No. 3:19-CV-0852-B, 2019 WL 3239152, at *5 (N.D. Tex. July 18, 2019) (Boyle, J.).

Additionally, a party prevailing on a breach-of-contract claim is entitled to reasonable attorney's fees. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8). In Texas, courts use the "lodestar method" to determine reasonable attorney's fees. *See, e.g.*, *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 496 (Tex. 2019). The lodestar method has two steps: (1) "determin[ing] the reasonable hours spent" and "a reasonable hourly rate"; and (2) "adjust[ing] the base lodestar up or down . . . if relevant factors indicate an adjustment is necessary . . . ." *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012).

## ANALYSIS

The Court will first address the issue of final judgment before turning to the issue of reasonable attorney's fees.

**A. Final Judgment**

TTG asks the Court to enter final judgment on its breach of contract claim based on the one-satisfaction rule. TTG then requests that the Court award both pre- and post-judgment interest for the breach of contract claim.

*1. Breach of Contract*

TTG argues that under Texas's one-satisfaction rule, it may elect judgment on its breach of contract claim, which the jury found is *not* subject to an offset, rather than the suit on sworn account claim, which the jury determined *is* subject to an offset. Under the one-satisfaction rule, "a plaintiff cannot obtain more than one recovery for the same injury." *Joy Pipe*, 703 F. App'x at 259 (cleaned up). Thus, "when a party tries a case on alternative theories of recovery[,]" the party can elect judgment on the claim "entitling him to the greatest or most favorable relief." *Boyce Iron Works*, 747 S.W.2d at 787.

TTG is entitled to select its award under the breach of contract claim based on the one-satisfaction rule. The breach of contract and suit on sworn account claims were alternative claims at trial. This was articulated at the summary judgment stage as well. *See* ECF No. 83 at 18 (asking the Court to "alternatively" grant summary judgment on the breach of contract claim if not the suit on account claim).

Defendant BTC Media, LLC ("BTC") does not respond to TTG's caselaw on the one-satisfaction rule but instead argues that Federal Rule of Civil Procedure ("Rule") 49 gives the Court power to reconcile inconsistent answers in the jury verdict. According to BTC, the offset found for the suit on sworn account claim should also be applied to the breach of contract claim. Rule 49 allows courts to "approve for entry under Rule 58, an appropriate judgment according to the answers, notwithstanding the general verdict." FED. R. CIV. P. 49(b)(3)(A). However, this ability only applies when a court submits a general verdict "together with written questions on one or more issues of fact that the jury must decide." FED. R. CIV. P. 49(b)(1). If the "answers [to the written questions] are consistent with each other but . . . inconsistent with the general verdict," only then can the court modify the judgment. FED. R. CIV. P. 49(b)(3).

The alleged contradictions in the jury's verdict in this case do not involve answers to written questions and a general verdict. And Rule 49 provides no guidance on whether a court can modify a jury's verdict for one claim when the answer to an alternative claim potentially suggests a different result.

The caselaw cited by BTC is unavailing. For example, in *Carr v. Wal-Mart Stores, Inc.*, the Fifth Circuit stated, "[i]f the answers to the interrogatories seem to conflict, the court is obligated to reconcile the answers, if possible, in order to validate the jury's verdict." 312 F.3d 667, 672 (5th Cir. 2002). There, with respect to a single claim for negligence, the verdict form instructed the jury to only answer question 2 if it answered "yes" to question 1. *Id.* at 669. Yet even though the jury answered "no" to question 1, it proceeded to answer question 2. *Id.* As discussed above, that is not the case here. The jury did not provide two legally inconsistent interrogatories for a single claim—it decided two alternative claims differently. BTC cites two other cases in support of its contention that Rule 49 authorizes this Court to reconcile the jury's verdict on breach of contract and suit on sworn account, but neither of them involve analogous facts.[1]

Finding that Rule 49 is inapplicable in this case, and that TTG is entitled to elect the breach of contract damages under the one-satisfaction rule, the Court **ORDERS** that Plaintiff be awarded **$4,429,536.25** in compensatory damages under its breach of contract claim.

2. *Pre-Judgment Interest*

TTG further requests pre-judgment interest on its breach of contract claim. "State law governs the award of prejudgment interest in diversity cases." *Harris v. Mickel*, 15 F.3d 428, 429 (5th Cir. 1994). Even with no enabling statute, "Texas law allows for an award of equitable prejudgment interest . . . ." *Meaux Surface Prot., Inc. v. Fogleman*, 607

---

[1] *See Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1260 (5th Cir. 1988) (trial court had discretion to resubmit inconsistent special verdict); *see also United States v. $9,041,598.68*, 163 F.3d 238 (5th Cir. 1998) (trial court had discretion to enter judgment as a matter of law, disregarding a logically inconsistent finding in the special jury verdict).

F.3d 161, 172 (5th Cir. 2010) (citing *Bituminous Cas. Corp. v. Vacuum Tanks, Inc.*, 75 F.3d 1048, 1057 (5th Cir. 1996)). "Under this standard, 'an equitable award of prejudgment interest should be granted to a prevailing plaintiff in all but exceptional circumstances.'" *Id.* And "[w]hen the pleadings contain a simple prayer for interest on the judgment, this suffices in any case to preserve the request." *Id.*

BTC argues TTG should receive no pre-judgment interest because: (1) TTG never requested pre-judgment interest; (2) the jury awarded less than TTG's demand for damages; and (3) there are exceptional circumstances warranting an award of $0. ECF No. 208 at 7–9. As for the first, TTG's Second Amended Complaint, which is the live pleading in this case, contained a simple prayer for interest on the judgment,[2] and as explained in *Meaux*, that suffices. 607 F.3d at 172. For the second, the Court finds that a jury verdict awarding less than what Plaintiff sought is insufficient to prevent an award of pre-judgment interest.[3] And for the third, the Court is unpersuaded by the alleged exceptional circumstances that would deprive TTG of pre-judgment interest.

Having determined that pre-judgment interest is warranted, the Court must now calculate the appropriate amount. The accrual period for pre-judgment interest "begin[s] on the earlier of the 180th day after the date the defendant receives written notice of a claim or the date the suit is filed and end[s] on the day preceding the date judgment is rendered." TEX. FIN. CODE ANN. § 304.104. And the pre-judgment interest rate is "the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation." *Id.* § 304.003(a), (c)(1). The accrual period begins on May 10, 2023, the day

---

[2] ECF No. 38 at 15 ("Plaintiff . . . seeks judgment against Defendants . . . awarding Plaintiff actual and consequential damages, attorneys' fees, costs of court, pre- and post-judgment interest, and all other relief to which it may be entitled.").

[3] This Court has itself awarded pre-judgment interest in cases where the jury awarded less than what a plaintiff sought. *See, e.g., Mays v. Meridian Sec. Ins. Co. State Auto Ins. Cos.*, No. 4:22-CV-1150-P, 2024 WL 821198, at *3 n.1 (N.D. Tex. Jan. 25, 2024) (awarding pre-judgment interest even though plaintiffs "only recovered $70,000.00 at trial" despite seeking "approximately $220,000.00 in damages at trial").

5

TTG filed its breach of contract claim against BTC. The current prime interest rate is 7.5% as determined by the Federal Reserve Board of Governors. Thus, TTG is entitled to recover pre-judgment interest for its breach of contract award of $4,429,536.25 at a rate of 7.5% per annum from May 10, 2023, to the date of this Order, totaling **$552,478.46**.

### 3. Post-Judgment Interest

TTG further requests post-judgment interest on its breach of contract claim. Unlike pre-judgment interest, federal law governs post-judgment interest in diversity cases. *See Liljeberg Enters.,* 7 F.3d at 1209. And "district courts do not have the discretion to deny post-judgment interest on monetary judgments." *Paisano Cap. SA de CV,* 2019 WL 3239152, at *5.

BTC does not contest TTG's right to post-judgment interest. Thus, the only required analysis is the appropriate amount of post-judgment interest. Federal law states that the post-judgment interest rate is the rate of the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of judgment." *See* 28 U.S.C. § 1961(a). Post-judgment interest is also compounded annually and calculated on both the principal and prejudgment interest amounts. *See* TEX. FIN. CODE § 304.006.

Thus, TTG is entitled to post-judgment interest, the total sum of compensatory damages and pre-judgment interest, at the applicable rate of 4.23% as published by the Northern District of Texas[4], compounded annually from the day the judgment is signed until it is paid in full.

### 4. BTC Media, LLC vs BTC Inc

In its initial Motion, TTG asked the Court to enter final judgment against both Defendants BTC Media, LLC and BTC Inc. ECF No. 194. In response, BTC highlighted that the jury was only charged with claims against BTC Media, not BTC Inc. ECF No. 201. On reply, TTG excluded

---

[4] Post Judgment Interest Rates, https://www.txnd.uscourts.gov/post-judgment-rates (last visited Jan. 6, 2025).

6

BTC Inc. from its request for final judgment. ECF No. 205. To resolve any doubt, the Court enters this final judgment against BTC Media, LLC, not BTC Inc.

**B. Attorney's Fees**

TTG next asks this Court to award it reasonable attorney's fees and expenses. Under federal and Texas law, determining the amount of attorney's fees is a two-step process. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The first step requires the district court to determine the "lodestar"—the "reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers. Then, the district court must multiply the reasonable hours by the reasonable hourly rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (citation omitted). In the second step, the "lodestar" can be adjusted upward or downward, if necessary to make the award reasonable, based on the Court's consideration of the *Johnson* factors. *Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993). The twelve factors in *Johnson v. Georgia Highway Express, Inc.* are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney by acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d 714, 718 (5th Cir. 1974); *see also Omni USA, Inc. v. Parker Hannifin Corp.*, 964 F. Supp. 2d 805, 842 (S.D. Tex. 2013) (noting the determination of reasonable attorney's fees under Texas law is "virtually identical to the *Johnson* factors used by the Fifth Circuit") (internal quotations and citations omitted).

The lodestar amount claimed by TTG is $3,315,430.46 for attorney's fees, expenses, and pre-judgment interest. According to the declaration of David T. Moran, an attorney at Jackson Walker and designated expert on reasonable attorney's fees, TTG's counsel seeks a rate between

7

$355 and $850 per hour depending on the specific attorney. In total, counsel for TTG claims 4,390.5 hours of work in prosecuting its breach of contract claim and in fighting BTC's affirmative defenses and related counterclaims. Moran further states that this case required extensive discovery, including five sets of discovery requests from BTC, the taking of ten depositions by TTG's attorneys, and voluminous written discovery, to name a few items. Given the length of time, and the caliber and quantity of work demanded in carrying this case forward to trial, these rates are reasonable and customary.

BTC raises a myriad of discount arguments, though untethered to the *Johnson* factors, for the Court's consideration. The proposed discounts include a 15% reduction for over-redacted invoices; 10% reduction for extensive block billing; 10% reduction for excessive briefing on motions lost by TTG; 10% reduction for failing to segregate fees; and a 20% reduction for failing to account for unrecoverable clerical tasks. As for over-redacted invoices and block billing, while invoices could always be more detailed, the Court concludes they are not too vague to prevent the Court from a meaningful judicial review of the work completed on Plaintiffs' behalf. *See La. Power & Light Co.*, 50 F.3d at 326–27 (rejecting a discount despite the fact that many of the time entries were "scanty as to subject matter"). Plaintiffs submitted twenty-three invoices, totaling more than 200 pages, along with its Motion. The two invoices selected and scrutinized by Defendant are thus not fully representative nor incapable of demonstrating "sufficient information to classify and evaluate the activities and hours expended." *Randolph v. Dimension Films*, 634 F. Supp. 2d 779, 800 (S.D. Tex. 2009). Additionally, as this Court has held, the fact that a motion does "not ultimately succeed" does not necessarily mean time spent on the motion was unreasonable. *Miller v. Raytheon Co.*, No. 3:09-CV-440-O, 2011 WL 13234115, at *4 (N.D. Tex. Sept. 15, 2011) (O'Connor, J.), *aff'd*, 716 F.3d 138 (5th Cir. 2013) ("[A] party may recover for time spent on unsuccessful motions so long as it succeeds in the overall claim.") (internal quotations omitted). And as for failing to segregate fees on unrelated matters and recover fees for unrecoverable clerical tasks, the

8

Court does not find sufficient evidence to warrant the reduction requested by BTC.

On the other hand, factors 1, 3, 4, 5, and 9 of the *Johnson* factors all support TGG's lodestar calculation. Although this was a relatively straightforward breach of contract case, and therefore did not present any particularly novel legal issues, it nonetheless required substantial work by counsel for TTG, including the lengthy and voluminous discovery discussed above, and the extensive preparation required for trial. Thus, because TTG's lodestar is reasonable based on the time and effort expended by experienced attorneys charging a reasonable rate for this market, the Court declines to adjust the lodestar.

The Court therefore awards TTG **$3,315,430.46** in reasonable attorney's fees, expenses, and pre-judgment interest. TTG may seek to recover its costs by filing the appropriate bill of costs with the clerk of this Court within fourteen days of the date of this Order.

## CONCLUSION

For the reasons above, the Court **GRANTS** TTG's Motion to Enter Final Judgment (ECF No. 194) and its Motion for Attorney's Fees and Expenses (ECF No. 202). Accordingly, this final judgment is issued pursuant to Federal Rule of Civil Procedure 58(a), and this case is **DISMISSED with prejudice**. The Court further **ORDERS** that (1) TTG is entitled to **$4,429,536.25** in compensatory damages under its breach of contract claim; (2) TTG is entitled to recover pre-judgment interest for its breach of contract award in the amount of **$552,478.46**; (3) TTG is entitled to post-judgment interest, the total sum of compensatory damages and pre-judgment interest, at the applicable rate of **4.23%** compounded annually from the day the judgment is signed until it is paid in full; and (4) TTG is entitled to **$3,315,430.46** in reasonable attorney's fees. The Clerk of the Court shall transmit a true copy of this judgment to the parties.

**SO ORDERED** on this **6th day of January 2025.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE